Venice Anwar Saleh GHOBRIAL; et al., Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–70340.

Agency Nos. A75–728–899, A75–728–900, A75–728–901.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 12, 2005.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., William C. Peachey, DOJ—U.S. Department of Jus-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM ***

Lead petitioner, Venice Anwar Saleh Ghobrial, and her two sons, Mina Youssef Morcos and Michaels Youssef Morcos, are natives and citizens of Egypt. Ghobrial and her sons petition for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Even assuming Ghobrial testified credibly, substantial evidence supports the IJ's decision that Ghobrial failed to establish past persecution or a well-founded fear of future persecution. *See Prasad v. INS,* 47 F.3d 336, 338–340 (9th Cir.1995).

With respect to the first car accident incident, its aftermath, and the subsequent harassment by a police officer, substantial evidence supports the conclusion that the harm Ghobrial suffered did not rise to the level of persecution. *See id.* at 339–40. With respect to the second car incident, substantial evidence supports the conclu-

sion that Ghobrial failed to establish that the harm rose to the level of persecution, that the incident occurred on account of a protected ground, or that the act was committed by someone the government was unwilling or unable to control. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir. 2000).

Furthermore, on the record before us, the petitioners failed to establish that Coptic Christians were subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii)(A).

Because the petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

To the extent that the petitioners raise the issue, we decline to consider their CAT claim because they failed to exhaust the issue with the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

**Jagroop SINGH, Petitioner,**

v.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule.